**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4446

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SANTERRIO MONTINEZ SMITH, a/k/a Big Boy, a/k/a Yodi a/k/a Terrio,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Mary G. Lewis, District Judge. (3:17-cr-00811-MGL-10)

Submitted: August 1, 2024                     Decided: August 14, 2024

Before GREGORY and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Jonthan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Jane Barrett Taylor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Santerrio Montinez Smith of conspiracy to possess with the intent to distribute and distribute five grams or more of a mixture or substance containing cocaine, 280 grams or more of a mixture or substance containing cocaine base, and 100 grams or more of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; two counts of using a communication facility during the commission of that conspiracy, in violation of 21 U.S.C. § 843(b); and distributing and possessing with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). A separate jury convicted Smith of buying, possessing, training, transporting, and receiving animals in interstate commerce for the purpose of having the animals participate in an animal fighting venture and aiding and abetting the same, in violation of 7 U.S.C. § 2156(b) and 18 U.S.C. §§ 2, 49(a). The district court sentenced Smith to 300 months' imprisonment. On appeal, Smith challenges the district court's order denying his motion to suppress evidence obtained from wiretaps authorized under 18 U.S.C. § 2518 ("Title III"). We affirm.

"When examining the denial of a motion to suppress, [we] review[] the district court's legal determinations de novo and its factual conclusions for clear error. In conducting this review, [we] evaluate[] the evidence in the light most favorable to the government." *United States v. Runner*, 43 F.4th 417, 421 (4th Cir. 2022) (cleaned up). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Claybrooks*, 90 F.4th 248, 253 (4th Cir. 2024) (internal quotation marks omitted).

2

"But we review arguments the defendant failed to raise in his suppression motion or hearing only for plain error." *United States v. Hicks*, 64 F.4th 546, 553 (4th Cir. 2023). Under plain-error review, the defendant "must show (1) that the court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *United States v. McCabe*, 103 F.4th 259, 279 (4th Cir. 2024) (internal quotation marks omitted). However, "even when those plain error requirements have been satisfied, we will not correct the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

Title III "sets forth in detail procedures for the issuance of orders to allow the interception of wire, oral, or electronic communications." *United States v. Brunson*, 968 F.3d 325, 330 (4th Cir. 2020). To obtain such an order, "the government must submit an application authorized by an appropriately designated high-level Justice Department official to a judge of competent jurisdiction and state the applicant's authority to make such an application." *Id.* (citing 18 U.S.C. §§ 2516(1), 2518(1)). This application "shall be made in writing upon oath or affirmation to" the judge and must include, among other information, "the identity of the investigative or law enforcement officer making the application, and the officer authorizing the application," and "a full and complete statement of the facts and circumstances relied upon by the applicant, to justify his belief that an order should be issued." 18 U.S.C. § 2518(1)(a)-(b).

"On the basis of the application, the judge must make certain findings to justify the issuance of the requested order"—specifically, "that there is probable cause that an

3

individual is committing, has committed, or is about to commit an offense and that normal investigative procedures will be unavailing or dangerous[.]" *Brunson*, 968 F.3d at 330 (citing 18 U.S.C. § 2518(3)). If the judge makes those findings, she may issue an order authorizing the wiretap, which must include the following:

(a)     the identity of the person, if known, whose communications are to be intercepted;

(b)     the nature and location of the communications facilities as to which, or the place where, authority to intercept is granted;

(c)     a particular description of the type of communication sought to be intercepted, and a statement of the particular offense to which it relates;

(d)     the identity of the agency authorized to intercept the communications, and of the person authorizing the application; and

(e)     the period of time during which such interception is authorized, including a statement as to whether or not the interception shall automatically terminate when the described communication has been first obtained.

18 U.S.C. § 2518(4); *see Brunson*, 968 F.3d at 330.

A defendant may move to suppress evidence obtained from a wiretap based upon any of the three grounds outlined in § 2518(10)(a). *Brunson*, 968 F.3d at 331. Those grounds are: "(i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." 18 U.S.C. § 2518(10)(a).

Smith first argues that suppression of the wiretap evidence is appropriate under § 2518(10)(a)(i). Smith contends that the communications were unlawfully intercepted

4

within the meaning of § 2518(10)(a)(i) because the applications did not satisfy the fundamental statutory requirement that they be made under oath or affirmation. Because Smith did not raise this argument in the district court, we review the issue for plain error. *See Hicks*, 64 F.4th at 553.

In *United States v. Giordano*, 416 U.S. 505, 527 (1974), the Supreme Court held that suppression under § 2518(a)(10)(i) is appropriate when the government infringes "those statutory requirements that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device." *Giordano*'s test for determining which statutory infringements fall under § 2518(10)(a)(i) has come to be known as the "core concerns" test. *See Dahda v. United States*, 584 U.S. 440, 448 (2018).

Under *Giordano*, the question in this case is whether the Government's purported failure to submit the wiretap applications under oath or affirmation implicates a congressional core concern. Assuming arguendo that the Government did not satisfy the oath-or-affirmation requirement, we conclude that the district court did not plainly err in failing to suppress the wiretap evidence under § 2518(10(a)(i), as there is no case law supporting the conclusion that this requirement implicates such a core concern. *See United States v. Hope*, 28 F.4th 487, 507 (4th Cir. 2022) ("[A]n error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred" (internal quotation marks omitted)).

Smith next argues, as he did in the district court, that suppression of the wiretap evidence is appropriate under § 2518(a)(10)(ii). He maintains that the orders authorizing

the wiretaps were facially insufficient because they stated that Assistant United States Attorney (AUSA) Jane Taylor submitted the applications under oath when in fact another AUSA, Nick Bianchi, applied for the wiretaps and did not swear to the facts alleged in the applications under oath.

In *Dahda*, the Supreme Court held that "[w]here an order lacks information that the wiretap statute requires it to include, an aggrieved person may suppress the fruits of the order under [§ 2518(10)(a)(ii)]." 584 U.S. at 452. The Court confirmed that § 2518(10)(a)(ii) "covers at least an order's failure to include information that § 2518(4) specifically requires the order to contain" but clarified that it "does not cover each and every error that appears in an otherwise sufficient order." *Id.* at 449.

The Government correctly observes that § 2518(4) does not require orders authorizing wiretaps to identify the applicants. But Smith does not rely on § 2518(4). Instead, he points to the portion of the statute requiring the order to be entered "on the basis of the facts submitted by the applicant" under oath. 18 U.S.C. § 2518(3). The statute, however, does not require that the order certify that it was entered based on such an application, let alone identify the applicant. Thus, the statements referencing Taylor were "surplus" and, if stricken, the orders would contain all that is required. *Id.* at 450.

But even if the statute required such a certification, we conclude that the misidentification of the AUSA who applied for the wiretaps is not the type of defect that renders an order facially insufficient because both AUSAs had the authority to apply. *See United States v. Chavez*, 416 U.S. 562, 573-74 (1974). Moreover, contrary to Smith's argument, the district court did not clearly err in crediting Bianchi's affidavit, wherein he

6

attested that he appeared as the applicant, swearing to the facts on his own behalf, instead of swearing on behalf of Taylor.

Because the district court did not plainly err in failing to suppress the evidence obtained from the wiretaps under § 2518(a)(10)(i) and properly denied Smith's motion to suppress the evidence under § 2518(a)(10)(ii), we affirm the district court's judgment.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Smith offered additional grounds for suppression of the wiretap evidence. Several of Smith's co-conspirators joined the motion, and they separately appealed the portion of the district court's order declining to suppress the evidence on some of those additional grounds. We affirmed. *United States v. Pernell*, Nos. 20-4135/4404, 21-4172, 2023 WL 3050983 (4th Cir. Apr. 24, 2023).

7